UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS RODRIGUEZ,

                        Plaintiff,        **COMPLAINT**

       -against-                 **FLSA COLLECTIVE ACTION**

A M KIDS, INC. d/b/a
C TOWN SUPERMARKET and
KIDS A M, INC d/b/a
C TOWN SUPERMARKET and
ANTHONY DIAZ and MARIANO DIAZ,
individually,

                        Defendants.

------------------------------------------------------------------------X

      Plaintiff Luis Rodriguez ("Rodriguez" or "Plaintiff") on behalf of himself and others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of A M Kids, Inc. and Kids A M, Inc. d/b/a C Town Supermarkets ("C Town Supermarket") and Anthony Diaz and Mariano Diaz, individually, (collectively herein the "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff and all similarly situated employees to recover unpaid overtime compensation and earned wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2. Plaintiff and the collective class work or have worked at the C Town Supermarket controlled and operated by Defendants Anthony Diaz and Mariano Diaz, respectively.

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29

U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the C Town Supermarket, which is located in Brooklyn, NY.

4. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

5. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages and earned wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

6. Plaintiff also brings this action due to Defendants failure to pay earned wages in violation of New York Labor Law § 663, *et seq*.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

**Luis Rodriguez**

10. Plaintiff Luis Rodriguez is an adult individual residing in Bronx, New York.

11. From approximately 2004 through February 20, 2019 Rodriguez worked as a butcher's helper at the C Town Supermarket.

12. Rodriguez's responsibilities included chopping chicken, grinding meat, preparing different cuts at the counter, and keeping the butcher section clean.

13. Rodriguez was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

**KIDS A M, INC.**

14. Kids A M, Inc. is a New York corporation doing business as C Town Supermarket with its principal place of business located at 330 Graham Ave, Brooklyn, NY 11211.

15. Mariano Diaz is listed as the chairman of the board, the president, and general manager of Kids A M, Inc.

16. At all times relevant to this action, Defendant Kids A M, Inc. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. On information and belief, Defendant Kids A M., Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**A M KIDS, INC.**

18. A M Kids, Inc. is a New York corporation doing business as C Town Supermarket with its principal place of business located at 330 Graham Ave, Brooklyn, NY 11211.

19. Mariano Diaz is listed as the chairman of the board, the president and general manager of A M Kids, Inc.

20. At all times relevant to this action, Defendant A M Kids, Inc. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

21. On information and belief, Defendant A M Kids, Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Anthony Diaz**

22. On information and belief, Defendant Diaz has maintained control, oversight and the direction of C Town Supermarket.

23. Defendant Diaz is a person engaged in business in Kings County who is sued individually in his capacity as a manger, officer, and agent of C Town Supermarket.

24. Defendant Diaz exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the C Town Supermarket.

**Mariano Diaz**

25. On information and belief, Defendant Mariano Diaz has owned, maintained control, oversight and the direction of the C Town Supermarket.

26. On information and belief, Mariano Diaz is listed as the chairman of the board, chief operating officer, president, and general manager of C Town Supermarket.

27. Mariano Diaz employed Plaintiff and similarly situated employees at all times relevant.

28. Mariano Diaz is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of C Town Supermarket. Along with the

other Defendants, Mariano exercised sufficient control over the C Town Supermarket to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at C Town Supermarket.

## COLLECTIVE ACTION ALLEGATIONS

29. In this complaint, Plaintiff brings claims arising out of the FLSA on behalf of himself and other similarly situated employees who are current and former employees of Defendants since the date six years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

30. The FLSA Collective consists of approximately fifteen (15) similarly situated current and former employees at C Town Supermarket who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

31. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

32. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful

conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

33. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

34. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

35. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of forty (40) during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

36. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

37. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate

6

or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3)

## FACTS

**C Town Supermarket**

38. C Town Supermarkets is located at 330 Graham Ave, Brooklyn, NY 11211.

39. C Town Supermarket is a grocery store that contains an adjacent bakery and cafeteria.

40. C Town Supermarket is open seven days a week.

**Plaintiff's Employment at C Town Supermarket**

41. Plaintiff worked at C Town Supermarket from 2004 through February 2019.

42. Defendant Mariano Diaz interviewed plaintiff for his position.

43. Plaintiff's job duties as a butcher's helper included preparing and arranging meat for garnishes, using hand and electric food service equipment, setting up and decorating the meat area and cleaning the equipment and the work area.

44. Throughout his employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

45. Plaintiff was required to clock in and clock out at the beginning of his shift, when he was to take his meal breaks, when he returned from his meal break, and at the end of his shift.

46. Throughout his employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid any overtime.

47. Plaintiff was only paid for the first forty hours he worked each week.

**Plaintiff's Work Schedule and Pay at C Town Supermarket**

48. From 2004 through February 2019, Plaintiff worked 6 days per week, from Friday to Wednesday.

49. Plaintiff worked from 9:30 am to 6:30 pm each day or from 10:00 am to 7:00 pm.

50. In 2013, Plaintiff was paid $400 per week.

51. From 2014 to 2016, Plaintiff was paid $500 per week.

52. From 2017 to 2018, Plaintiff was paid about $600 per week.

53. In 2019, 2019, Plaintiff was paid $700 per week.

54. Plaintiff was always paid in cash by Defendants.

55. On occasion, Plaintiff was required to work 7 days per week when the main butcher at C Town Supermarket was absent.

56. Even though Plaintiff was not exempt, he was not paid overtime in compliance with the FLSA and NYLL.

57. Plaintiff was never asked to sign a notice when he was hired, and he did not receive appropriate paystubs showing his rate of pay.

**Defendants' Violations of the Wage Theft Protection Act**

58. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

59. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

60. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL

8

191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.
### (On Behalf of Plaintiff and the Collective)

61. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

63. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty (40) hours during workweeks in the relevant period.

64. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

65. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

66. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

67. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**New York Labor Law Unpaid Overtime Wages**
**(On Behalf of Plaintiff Individually)**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

70. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

71. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty (40) hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

72. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (On Behalf of Plaintiff Individually)

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

75. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

76. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements
### (On Behalf of Plaintiff Individually)

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

79. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

80. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, A. M. Kids, Inc. d/b/a C Town Supermarkets and C Town Grocery Store d/b/a C

Town Supermarkets and Kids A.M., Inc d/b/a C Town Supermarket and Anthony Diaz And Mariano Diaz jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c) Damages for unpaid overtime due to Plaintiff and the FLSA Collective in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(d) Penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred and fifty dollars for each workweek that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For prejudgment interest on the foregoing amounts;

(h) For the costs and disbursements of this action, including attorneys' fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: March 8, 2019
New York, New York

Respectfully submitted,

**THE LAW OFFICES OF JACOB ARONAUER**

*/s/ Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 100017
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*